## BASS v. STANDARD ACC. INS. CO. OF DETROIT, MICH.

### No. 3587.

Circuit Court of Appeals, Fourth Circuit.

April 3, 1934.

Edward A. Smith and George Ross Veazey, both of Baltimore, Md., for appellant.

Lawrence Perin and William D. MacMillan, both of Baltimore, Md. (Semmes, Bowen & Semmes, of Baltimore, Md., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and BAKER, District Judge.

SOPER, Circuit Judge.

The question in this case is whether an action brought by the appellant as plaintiff against the Standard Accident Insurance Company of Detroit, Mich., in the superior court of Baltimore city, and later removed to the District Court, was barred by limitations, as was decided by the District Judge when passing upon a demurrer to a plea by which that defense was raised. Morris Bass, the plaintiff, had previously brought suit against Albert E. Gonderman in the court of common pleas of Baltimore for injuries and damages sustained when struck by Gonderman's automobile, and had secured a judgment against Gonderman for $3,500. Gonderman held a policy in the Standard Accident Insurance Company whereby the company agreed to indemnify him against loss from the liability imposed by law upon him for damages on account of bodily injuries accidentally sustained by any person by reason of the ownership, maintenance, or use of Gonderman's automobile during the policy period. The policy, however, contained the following limitation upon the time within which suit might be brought:

"G. No action shall lie against the Company to recover upon any claim or for any loss under this Policy unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against the Assured after trial of the issue or by agreement between the parties with the written consent of the Company, nor (in) any event unless brought within two years thereafter."

The defendant, relying upon this provision of the policy to defeat the pending action in the District Court, pleaded that the judgment against Gonderman in the court of common pleas was recovered on April 14, 1927, and that the present suit was not brought until February 6, 1930, more than two years thereafter, and that therefore the suit could not be maintained. A demurrer to this plea was overruled. Thereupon the plaintiff filed a replication, wherein he alleged that he had brought his suit within two years from the date, February 17, 1928, when an execution on the judgment which he had secured against Gonderman in the court of common pleas was returned unsatisfied, and he further alleged that the pending suit was based upon article 48A, § 54, of the Annotated Code of Maryland, providing as follows:

"No liability insurance policy issued in this State shall contain any requirement for the payment of liability or loss under the policy, by the assured, but all such policies shall provide in substance that the bankruptcy or insolvency of the assured shall not release the insurer from liability; that if an execution upon any final judgment against the assured is returned unsatisfied, in whole or in part, in an action brought by the injured or by another person claiming by, through, or under the injured, then an action may be maintained by the injured, or by such other person against the company under the terms of the policy for the amount of any judgment recovered in such action, not exceeding the amount of the policy, and every such policy shall be construed to so provide, anything in such policy to the contrary notwithstanding."

A demurrer to this replication was sustained by the District Judge, and this appeal followed. The position of the plaintiff is that, when the policy is construed in connection with the quoted section of the Maryland Code, it is seen that the limitations prescribed by the policy do not begin to run until the cause of action accrues, and that this does not take place under the terms of the statute until an execution has been issued upon the judgment against the insured and is returned unsatisfied. It is not disputed by either party in the case that the parties to an insurance contract may by its terms reasonably restrict the time within which a right thereby conferred may be exercised, even though this period may be less than that prescribed by a general statute of limitations. Such was the rule laid down in Riddlesbarger v. Hartford Fire Ins. Co., 7 Wall. 386, 19 L. Ed. 257. Nor is it denied that effect must be given to the Maryland statute conferring certain rights upon persons injured by an insured who is covered by a liability insurance policy. The plaintiff contends that he comes within the terms of both statute and policy because the cause of action did not accrue under the statute until the execution was returned unsatisfied and because his suit was brought within two years thereafter.

There is no doubt that a limitation of time against the exercise of a right does not begin to run until that right accrues; and, in accordance with this rule, it has been held in a number of cases that policy provisions, differing from those in the pending case, delay the accrual of the right of action against the insurer and the running of limitations until a judgment has been secured against the insured and an unsuccessful effort through execution has been made to collect it. See Royal Indemnity Co. v. Watson (C. C. A.) 61 F.(2d) 614; Graham v. U. S. F. & G. Co., 308 Pa. 534, 162 A. 902. See, also, Kinnard v. Stevens, 122 Kan. 347, 251 P. 1085; Power v. Munger (C. C. A.) 52 F. 705; Hooper v. Hooper, 81 Md. 155, 170, 31 A. 508, 48 Am. St. Rep. 496. Cases may also be found where it is held that a right is not lost although it is not asserted for an indefinite period, or at least a period not exceeding that provided in the statute of limitations. See Blick v. Cockins, 131 Md. 625, 102 A. 1022; Jackson v. U. S. (D. C.) 24 F.(2d) 981; Sullivan v. Ellis (C. C. A.) 219 F. 694. And so the plaintiff says that the execution upon his judgment would have been in time if issued within three years, the limitation period for the assertion of simple contract rights in Maryland (Md. Code, art. 57, § 1), or certainly if issued within two years, the limitation period provided in the policy of insurance, and that thereafter he was entitled to an additional two years before bringing suit against the insurance company. But, in the cases last cited, the plaintiff's right to sue was not perfected until he made some demand or took some other action contemplated by the contract between the parties and he was entitled to wait either an indefinite period or a reasonable period before taking such action, and it is this fact which distinguishes these cases from the case at bar. The policy in the pending case makes no requirement as a condition precedent that an execution on judgment against the insured must be returned unsatisfied, before a suit by the in-

jured person against the insurer may be begun. The only stipulation is that the action will not lie against the insurer to recover upon any claim under the policy, unless it is brought after the amount of the claim shall have been fixed, either by final judgment against the assured, or by agreement between the parties, with the written consent of the company, nor in any event unless brought within two years thereafter. Hence the right of action in the pending case accrued upon the entry of the judgment against Gonderman, and the two-year period of limitations began to run from that date. There is no inconsistency between this provision and that contained in the statute. The policy merely eliminates one of the steps required of the injured party by the statute by omitting the requirement of an unsatisfied execution.

The construction for which the plaintiff contends would materially alter the contract between the parties, for it would enable the injured party to delay his suit against the insurance company for an unreasonable period by merely refraining from issuing an execution upon his judgment against the insured. Article 26, § 20, of the Maryland Code provides, in substance, that on all judgments in any court of law in the state, an execution or attachment may issue out of the court at any time within twelve years from the date of the judgment, or the judgment may be otherwise proceeded with within twelve years from its date, and that any time before the expiration of twelve years the plaintiff shall have the right to a writ of scire facias to renew the same. It follows that, if the limitation of two years in the policy runs only from the return of an execution, the injured party might wait an indefinite time before bringing his suit, and the whole purpose of the limitation provision would be frustrated.

A like result would follow even if the injured party were permitted a period of two or three years before causing execution to issue, for this would enable him to wait four or five years before suing the company, and thus greatly extend the limitation period set out in the policy.

By another replication to the plea of limitations, the plaintiff alleged that, after he had secured his judgment against Gonderman, he had requested of the insurance company a copy of its policy covering Gonderman, but that the company refused, and declined to furnish a copy, and that the plaintiff being denied a copy of the policy relied upon the normal period of limitations provided by law, to wit, the period of three years, and that thereby the company is estopped from pleading and relying upon the two-year period of limitations established in the policy. Correspondence between the parties with reference to the demand for a copy of the policy was filed with the replication, and from this it appears that, although a copy of the policy was denied, an offer was made by counsel for the company to secure from the company any information as to the contents of the policy if the plaintiff would state what information he desired. There is nothing in the correspondence to suggest that the question of limitations was in the mind of either party, and, since the plaintiff was not denied information on any particular point, it cannot be held that the company was estopped from raising the defense of limitations.

It is also suggested by the appellant, although the question does not seem to be raised in the assignment of errors, that the District Judge was wrong in construing the following clause in the policy:

"H. If the method of serving notice of cancellation, or the limit of time for notice of accident or for any legal proceeding herein contained is at variance with any specific statutory provision in relation thereto, in force in the State in which any of the automobiles herein described are operated, such specific statutory provision shall supersede any such condition in this contract inconsistent therewith."

The District Judge held that this clause was not applicable to the present controversy, because there is no specific statutory provision in Maryland relating to the limit of time within which legal proceedings must be instituted by an injured party against an insurance company in a case like the present. This conclusion was obviously correct, for the phrase, "specific statutory provision," does not describe a general statute of limitations. Otherwise the clause of the policy under consideration would completely nullify clause G hereinbefore set out, and the two-year limitation provision therein contained, in every state which has a general statute of limitations.

The judgment of the District Court is affirmed.