Parke, to use, et al. *v.* Pennsylvania Threshermen & Farmers Mutual Casualty Ins. Co., Appellant.

Argued April 11, 1939.   Before Schaffer, Maxey, Drew, Linn and Stern, JJ.

418

*Henry Thomas Dolan,* with him *Robert C. Duffy* and *J. Paul MacElree,* for appellant.

*Truman Differ Wade,* for appellee.

OPINION BY MR. JUSTICE DREW, May 15, 1939:

This is an action of assumpsit upon a policy issued by defendant in the form of a Workmen's Compensation Insurance Policy on the employees of Samuel H. Parke. The use plaintiffs are the widow and dependent children of Eber Y. Thomson, one of Parke's farm laborers. The jury found, and it is not now disputed, that Thomson met his death accidentally in the course of his employment. The policy contains an endorsement undertaking coverage of farm labor of the employer "in accordance with the liability for compensation benefits under the Workmen's Compensation Act of Pennsylvania."

On July 18, 1934, while the insurance was in effect, the accident happened. The April following, the widow filed a petition with the Workmen's Compensation Board, but was met with an adverse ruling in *Thompson v. Parke,* 131 Pa. Superior Ct. 81, on the ground that the parties could not contract themselves into the jurisdiction of the Board. On August 6, 1935, more than one year after the date of Thomson's death and during the pendency of the litigation above referred to, plaintiffs started this suit to recover damages based on the insurance contract. The only question raised by the motion for judgment n. o. v. in the court below was whether the use plaintiffs were barred by the one year limitation period contained in section 315 of the Workmen's Com-

pensation Act of June 2, 1915, P. L. 736. Just prior to defendant's appeal from the overruling of its motion for judgment n. o. v., we filed the opinion in *Gnagey v. Pa. Thresh. & F. M. Cas. Ins. Co.,* 332 Pa. 193. We there dealt with an interpretation of the remedial and procedural provisions in a policy identical with that in the instant case and issued by this same company. This court concluded that a reasonable construction of the language of the policy showed that in so far as the practice set forth in the Workmen's Compensation Act was concerned, the parties intended to make only the schedule of rates and manner of payments of the Act a part of the contract, and to exclude therefrom the numerous other remedial features of the Act, such as the duties of the board, the period of limitation, the methods of proof, and the procedural rules.

Appellant now seeks to avoid the effect of that decision by here raising for the first time two other bases for escaping liability: (1) that the use plaintiffs are not entitled to recover under this policy because it is contended that Thomson met his death through the negligence of a fellow servant, and (2) that the use plaintiffs are barred because this suit was not brought within the period prescribed for actions for wrongful death by the Act of April 26, 1855, P. L. 309. Even if there were merit in these defenses, and there is not, it is now too late for appellant to inject them. It is elementary that matters not raised in, nor considered by, the court below cannot be invoked on appeal: *Montgomery County Bar Association v. Rinalducci,* 329 Pa. 296.

However, appellant is in error in believing that its newly invented defenses circumvent our ruling in the Gnagey case, supra. In addition to the above quoted portion of the special endorsement which provides that farm labor is to be covered in accordance with liability for benefits under the Workmen's Compensation Act, it is elsewhere stipulated in the policy that "the Insuring

Company hereby assumes the whole liability of the Insured Employer under the Workmen's Compensation Act of Pennsylvania," and that "The Insured Employer, upon the acceptance of this policy agrees that at the effective date hereof he is subject to the Workmen's Compensation Act of Pennsylvania." These are plain and unambiguous statements by the parties that liability is to be determined in accordance with the Workmen's Compensation Act, which deprived the employer of certain common law defenses. By section 201 of the Act, the benefit of the fellow employee defense is denied. In the Gnagey case, supra, as in *Thompson v. Parke*, supra, it was deemed too plain for argument that the policy incorporated those provisions of the Act which excluded the common law defenses available to employers. In the latter case, Judge BALDRIGE, in interpreting the instant policy, said (p. 84) : "The primary purpose of the policy was to afford certain protection to the insured, and, at the same time, by the endorsement the employee was given certain benefits. As the learned court below, in its well considered opinion, points out, the employer may not resist liability to an injured employee on the ground that the injury was caused by the negligence of a fellow-employee, assumption of risk, or contributory negligence—defenses available in an action at law; thus affording an injured employee the identical protection given industrial employees generally, under Section 201 of the Workmen's Compensation Act (77 PS Sec. 41)." In the Gnagey case we were not confronted with an interpretation of the policy as regards common law defenses. Accordingly, the statement in that case (p. 195) : "A reasonable construction of the language used leads clearly to the conclusion that the parties intended only to make the schedule of rates and manner of payments of the act a part of their contract," had no reference as to whether or not substantive defenses were available, since our sole problem in that case was an interpretation of the remedial and procedural features.

The Act of April 26, 1855, P. L. 309, limiting the period for bringing actions for wrongful death, has no bearing in the present controversy. Defendant's liability to Parke and the use plaintiffs is contractual, based on the contract of insurance. The gravamen of the action does not sound in tort, but complains of failure to pay money due. The applicable period within which such action must be brought is governed by the limitation for contractual actions.

Judgment affirmed, costs to be paid by appellant.