## Michael R. PATITUCCI
### v.
### UNITED STATES of America.
### Civ. A. No. 25906.

United States District Court
E. D. Pennsylvania.
June 2, 1959.

Glenn A. Troutman, McWilliams, Wagoner & Troutman, Philadelphia, Pa., for plaintiff.

Harold K. Wood, U. S. Atty., Richard Reidsnyder, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

BIGGS, Circuit Judge.*

The accident which damaged the plaintiff's, Patitucci's, car occurred on June 18, 1956. It is alleged in the complaint

---

* Specially designated.

that through negligent operation defendant's mail truck collided with plaintiff's car. The complaint, filed February 4, 1959, alleges that the action arises under the Tort Claims Act, 28 U.S.C. § 2671 et seq. and makes claim for damages to the extent of $207.76.

No answer was filed by the United States, but a motion to dismiss in the nature of a "speaking demurrer" was filed on April 6, 1959. The motion is grounded on the failure of plaintiff to file an administrative claim within two years after the claim accrued. The complaint, in paragraph seven, alleged to the contrary that a claim had been filed.[1]

The defendant's brief states that two competitive estimates of repairs were secured on June 28, 1956, by the Post Office Department from the plaintiff who advised that he intended to make claim upon his collision insurance carrier; that on August 8, 1956, a letter [2] was received by the Post Office Department from Planet Insurance Company, subrogee of the plaintiff, which stated the belief that the mail-truck driver was at fault, advised the Post Office Department of the

Company's position as subrogee and requested forms for releases; and that subsequently Post-Office-Department claim forms [3] were sent to Planet on August 13, 1956, and again on November 9, 1956, after a telephone inquiry by the plaintiff Patitucci. Nothing further transpired until July 2, 1958, more than two years after the collision, when a letter [4] was received by the Post Office Department from the Standard Accident Insurance Company, acting for Planet, submitting claims on Standard Form 95.

The Government asserts that Section 2401(b), Title 28 U.S.C.[5] bars the maintenance of this suit since the claim was filed after the permissible two-year period. The Government's position is that a claim must be made on Standard Form 95 within the limitations period in order to satisfy the requirement of Section 2401(b). However, another issue which arises is whether, assuming that a claim may be made without using Standard Form 95, the estimates of repairs or the letter of August 8, 1956, constitute a "claim" within the meaning of Section 2401(b).

1. As follows: "7. The plaintiff presented in writing to the appropriate Federal Agency, within the two year period required by statute, his said claim but the defendant has failed and refused to pay the same or any portion thereof."

2. A copy of this letter, attached to defendant's brief as Exhibit "A" of the brief, is as follows: " * * * This is to advise that we are the collision insurance carrier for Michael R. Patitucci, whose automobile was damaged by a United States mail truck (55137) on June 18, 1956. Our assured's damages amounted to $207.76. The circumstances of the accident indicate that the mail truck operator was at fault.

"We are therefore advising you of our right of subrogation. No settlement of any nature should be paid to our assured without out (sic) consent and approval in writing.

"Please forward the necessary releases in the amount of $207.76 which we will have executed by our assured and an officer of this company * * *."

3. Use of Standard Form 95 for filing of claims under the Tort Claims Act is speci-

fied in Title 39, Postal Service, Code of Federal Regulations § 202.54 (1955).

4. A copy of this letter is attached to defendant's brief as Exhibit "B" of the brief.

5. As follows: "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, or unless, if it is a claim not exceeding $1,000, it is presented in writing to the appropriate Federal agency within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, * * whichever is later. If a claim not exceeding $1,000 has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim."

■■ But we cannot reach these issues. The plaintiff in opposing the motion to dismiss alleges that the motion cannot be granted since the ground for the motion is the bar of the statute of limitations, an affirmative defense which must be raised in an answer, citing Weber v. United States, D.C.W.D.N.Y.1948, 8 F.R.D. 161. We think that plaintiff's assertion is in error. The Eastern District of Pennsylvania has held otherwise. Sikes v. United States, D.C.1948, 8 F.R.D. 34. Cf. Continental Collieries v. Shober, 3 Cir., 1942, 130 F.2d 631. A motion to dismiss for failure to act within the limitations period is grounded on Rule 12(b) (6), Fed.R.Civ.Proc., 28 U.S.C., "failure to state a claim upon which relief can be granted," since averments of time are material under Rule 9(f). Berry v. Chrysler Corporation, 6 Cir., 1945, 150 F.2d 1002. Thus, the sufficiency of the complaint may be attacked under Rule 12(b). But a distinction has been made in the decisions to the effect that the sufficiency of the complaint may be attacked only if the defect appears on the face of the complaint. See, e. g., Sherwin v. Oil City National Bank, D.C. W.D.Pa.1955, 18 F.R.D. 188, 194, affirmed 3 Cir., 1956, 229 F.2d 835. The distinction in the case at bar favors the plaintiff, since the face of the complaint does not indicate that the claim was not duly filed. Indeed, the complaint states the contrary. See note 1, supra.

■■ However, in 1946, Rule 12(b) was amended by the addition of the sentence: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as pro-

vided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Here, the defendant has presented matters outside the pleadings and the record in support of its motion to dismiss, as it must do in these circumstances.[6] However, we cannot pass on the merits of the motion for summary judgment at this time. The supporting papers for a motion for summary judgment must be verified, and must be in the form of affidavits, depositions, or admissions. The statement of facts in defendant's brief and the letter exhibits attached to the brief[7] are insufficient as evidence. Accordingly, the motion will be denied without prejudice with leave to defendant to submit affidavits or other papers in support of its motion.

The plaintiff has also argued, in reply to defendant's motion to dismiss, that his pleading entitles him to have the issue of whether a claim was duly filed within the limitations period decided by trial and that it should not be denied by proceedings in the nature of a summary judgment, citing Frederick Hart & Co. v. Recordgraph Corporation, 3 Cir., 1948, 169 F.2d 580, and we take it that the plaintiff would pursue the same argument although defendant submits its proof in appropriate fashion by affidavits, etc. This case may present a situation different from the cited case. Among other possibilities, the allegation by the plaintiff that a claim was timely filed appears to involve a mixed question of fact and law, and if the parties reach agreement or demonstrate that there is no dispute as to the basic facts, e. g., as to exactly what was filed with the Post Office Department, the only question remaining may be one of law and the case ripe for summary judgment. We need not and do not express an opinion on this point,

6. The requirement of filing a claim under Section 2401(b) makes the operation of the limitations statute unlike the usual statute of limitations. It is not the mere passage of time which bars relief, but passage of time without the filing of a claim. Accordingly, the Government must demonstrate that no claim was filed.

7. See notes 2 and 4, supra. These letter exhibits are merely typewritten copies, completely devoid of any certification.

but if the defendant pursues further the matter of summary judgment, it will then be necessary for the court to inquire whether in the posture of the case as it will then exist, a motion for summary judgment may appropriately be granted.

Accordingly, the defendant's motion will be denied without prejudice.

An appropriate order may be submitted.