**GENERAL INSTRUMENT CORPORATION and Jerrold Electronics Corporation**

v.

**AMERICAN HOME ASSURANCE COMPANY.**

Civ. A. No. 74–3262.

United States District Court,
E. D. Pennsylvania.

June 13, 1975.

Arthur R. Littleton, Philadelphia, Pa., for plaintiff.

Stephen A. Cozen, Philadelphia, Pa., Eugene Wollan, New York City, for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Before the Court is defendant's motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. Resolution of the motion depends upon the interpretation to be given a limitation of action clause contained in the insurance contract upon which this diversity suit is based.

Unlike the meaning of the clause in question, the facts relevant to a determination of the motion are both clear and undisputed. On January 14, 1971, defendant executed Special Floater Policy No. IF4664731 which, effective April 14, 1971, insured General Instrument Corporation and its subsidiary and/or affiliated companies for the period from November 29, 1970, to November 29, 1973. Jerrold Electronics Corporation is a subsidiary and/or affiliated company of General Instrument.

On June 22, 1972, as a result of a devastating rain storm, known as Hurricane Agnes, property belonging to Jerrold was both damaged and destroyed at its location in Conshohocken, Pennsylvania. In due course, Jerrold filed a Proof of Claim with the defendant to recover under the policy for the damage resulting from this storm. To this date, defendant has failed and refused to make payment upon this claim as requested by plaintiffs.

The policy of insurance sued upon by plaintiffs contains two limitation of action provisions. The first appears as one of the conditions in the standard policy. It provides:

Suit Against Company: No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Assured of the occurrence which gives rise to the claim. Provided, however, that if by the laws of the State within which this policy is issued such limitation is invalid, then any such claim shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State to be fixed herein.

The second limitation provision is included in the "Difference in Conditions" endorsement which is attached to and forms part of the policy in question. That provision states:

SUIT AGAINST THE COMPANY: No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the Assured shall have fully complied with all the requirements of this policy, nor unless commenced within twelve (12) months next after the happening becomes known to the Assured's Home Office Insurance Department, unless a longer period of time is provided by applicable statute.

The complaint in this action was filed on December 20, 1974. Defendant argues that the suit is barred as a matter of law since it was not commenced until approximately two years and six months after the date of the loss and discovery of the same by plaintiffs. Defendant's position is correct if the contractual time limitation for filing suit is applicable in the instant case. For the reasons stated below, we hold that the contractual limitation is not applicable here.

■ Preliminarily, we note that the parties correctly agree that this motion to dismiss for failure to act within the limitations period, filed pursuant to Fed. R.Civ.P. 12(b)(6), is a proper one. It is unnecessary for the Court to go beyond the pleadings in order to dispose of the question raised by the motion. *Patitucci v. United States*, 178 F.Supp. 507, 509 (E.D.Pa.1959).

■ Defendant also does not contest the proposition, which this Court accepts, that it is the language of the second limitation provision, contained in the "Difference in Conditions" endorsement, which must serve as the basis for deciding the validity of this motion. Any other conclusion would be difficult to reach in light of the final clause in the endorsement, which reads: "CONFLICT OF WORDING: The conditions contained in this form shall supercede those of the basic policy to which this form is attached wherever the same may conflict." The clear differences in wording of the two provisions mandate the use of the provision found in the endorsement.

■ The basic point of contention between the parties is the interpretation to be given the proviso in the endorsement's limitation provision, which states that suit must be brought within one year "unless a longer period of time is provided by applicable statute." While defendant concedes that the *wording* of the endorsement provision is different from that of the limitation condition in the standard policy, defendant asserts that the *meaning* of the two provisions is identical. Its position is that the phrase "applicable statute" refers only to a statute which specifically invalidates limitation of action clauses in all-risk insurance policies, or requires that a longer period of time than twelve (12) months be provided in which to file suit. In contrast, plaintiffs argue that a general statute of limitations for contract actions is an "applicable statute" which must take precedence over the contractual limitation.

The parties have not cited, and the Court's research fails to reveal, any

specific Pennsylvania [1] statute directed at limitation clauses contained in all-risk insurance policies. Thus, unless the general six-year statute of limitations for contract actions, 12 P.S. § 31, is an "applicable statute" within the meaning of the policy condition, the instant suit must be dismissed. There is no question that the statutory limitation on contract actions is generally applicable to suits based on insurance contracts. *Parke, to Use of Thomson v. Pennsylvania Threshermen & Farmers Mut. Casualty Ins. Co.*, 334 Pa. 417, 6 A.2d 304 (1939).

In support of its position, defendant cites *Bass v. Standard Acc. Ins. Co.*, 70 F.2d 86 (4th Cir. 1934). In that case, a liability insurance policy contained a clause which stated that if the contractual time limitation for filing suit was "at variance with any specific statutory provision in relation thereto," the statutory provision would supersede the contractual limitation. The Fourth Circuit Court of Appeals held that a general statute of limitations would not qualify as a "specific statutory provision." Otherwise, the court argued, the contractual limit would be void in every state which has a general statute of limitations. Defendant urges this Court to apply the same reasoning in the instant action.

We think the *Bass* opinion is distinguishable from the present case. The clause in the *Bass* policy required a *specific* statutory provision in relation to the contractual limitation on time for filing suit. The limitation provision in defendant's policy, in contrast, may be superseded simply by an *applicable* statute. Our conclusion that this means a statute applicable to the policy in general, and not to a specific limitation of action provision in an all-risk insurance policy, is buttressed by the fact that the endorsement provision represents a change in wording from the original policy condition, the language of which was clearly comparable to the clause in *Bass*. The original policy condition could only be invalidated by a specific statute directed at such contractual limitations clauses. If the superseding endorsement provision is meant to convey the same meaning as the original, not only would it appear to have been unnecessary, but it suffers from having been poorly drafted.

When the language of a policy prepared by an insurer is either ambiguous, obscure, uncertain or susceptible to more than one construction, a court must construe that language most strongly against the insurer and accept the construction most favorable to the insured. *Mohn v. American Casualty Co.*, Pa., 326 A.2d 346 (1974); *Blocker v. Aetna Casualty and Surety Company*, Pa. Super., 332 A.2d 476 (1975). We find the construction of the limitation provision in question suggested by plaintiffs as plausible as the one argued for by defendant. Accordingly, we hold that the general six-year statute of limitations for contract actions is applicable to this policy and that plaintiffs' suit was filed within the requisite time period.

The Court emphasizes that its holding does not question the general validity of contractual limitation of action provisions. Nor does the Court hold that a general statute of limitations will normally supersede a contractual limitation period. We simply hold that the unique wording of the limitation provision in the endorsement to this policy is vulnerable to an interpretation that the general statute of limitations is applicable here.

The motion to dismiss the complaint will be denied.

---

1. By letter to the Court dated May 29, 1975, counsel for the parties stipulated that the law of Pennsylvania should apply in this matter. The Court knows of no reason to dissent from this conclusion and our discussion will, accordingly, conform to the wish of the parties.