**Commonwealth v. Goodenow**

384

C.P. of Bradford County, no. 98CR000331.

*Robert McGuinness,* for the Commonwealth.
*Theodore Hinckley,* for defendant.

MOTT, *J.,* April 23,1999—The essential procedural history of this case is as follows: The Commonwealth filed a 60-count criminal information against the appellant, Thomas D. Goodenow. That information alleged that the appellant had sexually assaulted his 9-year-old daughter on several occasions. On November 5, 1998, just four days before his trial was to begin, the appellant entered a guilty plea to rape[1] in accord with a plea agreement that called for the dismissal of all the other charges against him. At that plea proceeding, the appellant specifically acknowledged that he had discussed his case with his counsel and that he was satisfied with his counsel's representation of him in this case. A sentence was subsequently imposed on the appellant and, as part of that sentencing order, we granted the Commonwealth's request to dismiss the remaining charges. The appellant has now appealed from that order.

---

1. 18 Pa.C.S. §3321.

Through his counsel, the appellant has filed a statement of matters complained of on appeal raising only one issue. He seeks to nullify the consequences of his plea by alleging the ineffective assistance of counsel. Such a claim has never been raised in this court. The appellant's statement pursuant to Pa.R.A.P. 1925(b) is the first time that this issue has been asserted. Accordingly, this court is of the view that the issue has not been properly preserved for review on direct appeal and has been waived.

We recognize that the holding of *Commonwealth v. Wertelet,* 446 Pa. Super. 352, 666 A.2d 1087 (1995), appears to contradict our view and seems to suggest that the issue of ineffectiveness of counsel can be raised for the first time on appeal and that the trial court can then hold a hearing "ancillary" to that appeal to create a record on which the Superior Court can then dispose of the issue. However, while we have great respect for the decisions of our appellate courts and fully recognize our position in the judicial hierarchy of this Commonwealth, and the binding effect that our appellate courts' decisions normally have on us, we, nevertheless, believe that the holding of *Wertelet* is not binding on the case sub judice. We reach that conclusion because the facts of that case are distinguishable from this one, because the reasoning of that holding is contrary to other appellate cases, and because that reasoning is contrary to the long-standing, and sound, common law of this Commonwealth.

There is a long-standing and very basic proposition in our common law that a matter not raised in the lower court is deemed waived and cannot be raised on appeal. *Commonwealth v. Capitolo,* 508 Pa. 372, 381, 498 A.2d 806, 810 (1985); *Commonwealth v. Lederer,* 193 Pa. Super. 482, 486, 165 A.2d 711, 714 (1960);

*Fisher v. Brick,* 358 Pa. 260, 264, 56 A.2d 213, 215 (1948); *Parke v. Pennsylvania Threshermen & Farmers Mutual Casualty Insurance Co.,* 334 Pa. 417, 419, 6 A.2d 304, 305 (1939) (citing *Montgomery County Bar Association v. Rinalducci,* 329 Pa. 296, 197 A. 924 (1938)). See generally, 2 P.L.E., Appeals §101 (2d ed.). There are very sound reasons for this long-standing doctrine, not the least of which are that courts will not need to expend time on issues which have not been raised and properly pursued, that trial courts will be given the first opportunity to correct any actual error and, thus, obviate the need for further proceedings, and that appellate courts, therefore, will be free to give more exact attention to alleged errors that are properly preserved for review. *Commonwealth v. Clair,* 458 Pa. 418, 421-22, 326 A.2d 272, 273-74 (1974). The adage that "[o]rderly judicial procedure requires that nothing more be passed upon by a court than the *justiciable* question posed for its decision," *Robinson Township School District v. Houghton,* 387 Pa. 236, 240, 128 A.2d 58, 60 (1956) (emphasis added), is another phrasing of the common-law principle.

The long-standing common-law principle that issues not properly preserved in the trial court are waived has also been enacted as part of our rules of appellate procedure. See Pa.R.A.P. 302(a).[2] Implicit in the principle is the idea that an issue must be properly *raised* in the lower court so that it can be *decided* by that lower court, so that the higher court can then perform its proper function and *review* the lower court's *decision.* It is, after all, the *decision* of the trial court on a particular issue that is ultimately reviewable, and traditionally,

2. Pa.R.A.P. 302(a) reads, in pertinent part, as follows:

*"General rule.* Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."

if the trial court reached the correct result on the issue, its *decision* on that issue was affirmed even if its reasoning may have been flawed.

In *Wertelet,* the Superior Court held that *new* counsel could raise an ineffective assistance of prior counsel claim for the first time in a statement filed pursuant to Pa.R.A.P. 1925(b), despite the fact that said new counsel had been retained before the time within which a post-sentence motion could be filed pursuant to Pa. R.Crim.P. 1410,[3] and he did not file such a motion. This holding, however, appears to contradict our Supreme Court, which has stated that "[when] present counsel was appointed prior to the conclusion of post-trial motions, trial counsel's ineffectiveness should have been raised at that point. Because it was not, the issue is waived." *Commonwealth v. Miller,* 541 Pa. 531, 557 n.22, 664 A.2d 1310, 1323 n.22 (1995) (the court, nevertheless, went on to consider the issue because of the relaxed waiver rules for capital cases applicable in that

---

3. Pa. R.Crim.P. 1410 reads, in pertinent part, as follows:

*"(A) Timing*

"(1)[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence. . . .

*"(B) Optional post-sentence motion*

"(1) Generally.

"(a) The defendant in a court case shall have the right to make a post-sentence motion. All requests for relief from the trial court shall be stated with specificity and particularity, and shall be consolidated in the post-sentence motion, which may include:

"(i) a motion challenging the validity of a plea of guilty or nolo contendere, or the denial of a motion to withdraw a plea of guilty or nolo contendere; . . .

"(c) Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues. . . ."

case).[4] The *Wertelet* court avoided the basic common-law principle of waiver by reasoning that for purposes of appellate review it is only necessary for a lower court to be able to *address* an issue, rather than being able to *dispose* of an issue. The court stated that since Pa.R.A.P. 1701(b)(1) allows lower courts to take actions that are "otherwise ancillary to the appeal," *Wertelet* at 355, 666 A.2d at 1089, a lower court could "conduct an evidentiary hearing, file findings of fact and conclusions of law, and otherwise address an issue of ineffectiveness [raised for the first time on appeal], only being prevented from entering a dispositional order." *Id.* at 355, 666 A.2d at 1088. The court reasoned that this manner of raising an issue was appropriate for two reasons: First, the court said that "the optional nature" of post-sentence motions under Pa.R.Crim.P. 1410 would be obviated if an issue that can only be raised post-sentence or post-verdict was waived if not first raised in the trial court. *Id.* at 354, 666 A.2d at 1088. Second, the court said that since there is only 10 days allowed to file a post-sentence motion under

---

4. We fully recognize that the procedure applicable in *Miller* was the procedure that existed before current Rule 1410. Under that procedure the lower court's post-trial review occurred before sentencing rather than after sentencing as under the current rule. Under that prior practice, a defendant had 10 days after a finding of guilt to file a post-trial motion to present errors for the trial court's review. Pa.R.Crim.P. 1123(a) (rescinded March 22, 1993, effective as to cases in which the determination of guilt occurs on or after January 1, 1994, and replaced by present Rule 1410). Under current practice, however, a defendant still has only 10 days to submit a motion for the trial court's review, but now the opportunity for filing that motion does not arise until after the imposition of sentence. Pa.R.Crim.P. 1410(A)(1).

Rule 1410, new counsel would not have sufficient time to review the record, and prior counsel's performance, so as to be able to raise the issue within that time. *Id.* at 354-55, 666 A.2d at 1088. "Therefore, [the court held that] although there may be sufficient time to file a post-sentence motion, claims of prior counsel's ineffectiveness are not waived where *new counsel* files a direct appeal." *Id.* at 355, 666 A.2d at 1088. (emphasis added)

The most obvious distinction between *Wertelet* and the instant case is that, here, it is not *new counsel* who has raised the ineffectiveness of counsel claim, but the very counsel whose ineffectiveness is being alleged. Therefore, the *Wertelet* court's concerns with counsel not having enough time to familiarize himself with the record so as to be able to sufficiently articulate the issue for the post-sentence motion are inapplicable. In addition, we point out that the time frame for filing post-sentence motions is 10 days. That is the exact same time frame that existed for the filing of post-trial motions under prior practice and our Supreme Court apparently felt it was sufficient even for *new counsel* to raise the issue. See *Commonwealth v. Miller, supra.* Furthermore, it is not completely accurate to suggest that new counsel would only have 10 days from the sentencing to raise trial counsel's ineffectiveness. Rule 1410(B)(2)(b) states that a defendant can file a supplemental post-sentence motion in the trial court's discretion so long as the decision on it can be made within the time limits proscribed by the rule. The time limit for the trial court to decide a post-sentence motion is 120 days from its filing, plus a possible 30 additional days, if the defendant requests an extension. Pa.R.Crim.P. 1410(B)(3). Thus, in reality, there is ample time for even new counsel to review the record and

raise the issue of ineffectiveness, and for the trial court to decide the issue.

Another significant factual distinction between *Wertelet* and the case at bar is that in *Wertelet* the appellant had been found guilty by way of a jury trial, whereas here the appellant pleaded guilty and during that plea proceeding he specifically acknowledged that he was satisfied with his counsel's representation. Furthermore, as indicated by our comments below, we do not believe it is even appropriate for counsel to raise his own ineffectiveness. However, whether trial counsel himself, or new counsel, wishes to raise the issue, we believe it *must* be raised in the trial court prior to the direct appeal in order for the issue to be preserved for that appeal. We recognize that there are other appellate cases which seem to suggest that the issue can be raised for the first time on appeal, but in those cases the matter was *remanded* to the trial court. We discuss these cases *infra.*

We also respectfully suggest that the Superior Court's assumption, as expressed by a panel of that court in *Wertelet,* that the filing of a post-sentence motion was made totally optional by Pa.R.Crim.P. 1410, and its general treatment of the doctrine of waiver, is inconsistent with other Superior Court decisions, Supreme Court authority, and the intent behind Pa.R.Crim.P. 1410. As indicated above, Rule 1410 states that issues properly raised before or during trial are preserved for appeal, whether or not a post-sentence motion is filed *on those issues.* Pa.R.Crim.P. 1410(B)(1)(c). The rule *does not* say, nor does it even suggest, that issues not raised in the trial court can be raised for the first time on appeal. Neither does the rule say, nor even suggest, that issues that could have, and should have, been raised before or during trial, but were not, can be raised in

a post-sentence motion *or on appeal.* It is obvious that there are some issues that are necessarily only capable of being raised post-trial, such as weight of the evidence issues, and allegations of error concerning the discretionary aspects of sentencing. There may even exist some other issues not previously raised which can be raised for the first time in a post-sentence motion. However, we believe that all such issues *must* be raised in a post-sentence motion so that the trial court is given the first opportunity to rule on them. In those situations, the filing of a post-sentence motion is not optional at all, it is mandatory if the party wishes to raise those issues on appeal. There is nothing in Rule 1410 that suggests that a post-sentence motion is optional in those circumstances. In fact, the only time a post-sentence motion is truly optional under Rule 1410 is where the *only* issues to be raised on appeal are issues that were previously raised in the trial court either before or during trial.

The Superior Court itself has specifically adopted this view with respect to the issue of weight of the evidence. It has stated:

"[A] defendant, who wishes to seek a new trial on grounds that the verdict was contrary to the weight of the evidence, must necessarily raise this issue via post-sentence motion in the trial court. If the trial court denies the motion, the defendant may then file an appeal in which the trial court's exercise of discretion will be subject to review. Because [the] appellant did not challenge the weight of the evidence in the trial court in this case, we will not address the issue on appeal." *Commonwealth v. Hodge,* 441 Pa. Super. 653, 660, 658 A.2d 386, 389 (1995). (footnote omitted)

The *Hodge* holding was later somewhat modified by the Supreme Court in *Commonwealth v. Widmer,*

547 Pa. 137, 689 A.2d 211 (1997), but only to a very limited extent. There, the Supreme Court held that it is correct that foregoing a post-sentence motion and proceeding to a direct appeal does not preserve a previously unraised issue for appeal. However, it went on to say that an appellate court may nevertheless consider a weight of the evidence claim where the lower court chose to review that claim in a Pa.R.A.P. 1925(a) opinion "and clearly held that the verdict was in fact contrary to the weight of the evidence." *Id.* at 140, 689 A.2d at 212.

Furthermore, the Superior Court has also said, in *Commonwealth v. Jarvis,* 444 Pa. Super. 295, 663 A.2d 790 (1995), that:

> [Rule 1410] plainly states that *only issues* which were *presented to the trial court* before or during trial *shall be deemed preserved for appeal in the absence of a post-trial motion.* The modifications of Rule 1410 have not altered the requirement ... that '[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.' *Jarvis,* at 298, 663 A.2d at 791-92. (emphasis added) (citations omitted)

Furthermore, we respectfully contend that the interpretation and application of Rule 1410 in *Wertelet* is not only inconsistent with the holdings of *Hodge; Jarvis* and *Widmer,* but that it is also contrary to the intended purpose of Rule 1410. The purpose of Rule 1410 was to do away with the "double waiver" doctrine. *Commonwealth v. Lord,* 553 Pa. 415, 419, 719 A.2d 306, 308 (1998).[5] In addition to the elimination of "double

---

5. "Double waiver" required a defendant to raise an issue when it occurred either before or during trial and then raise that issue again in a post-trial motion in order for that issue to be preserved for appeal and to avoid having the issue deemed waived. *Lord* at

waiver," an examination of the final report by the Criminal Procedural Rules Committee which developed Rule 1410 reveals that the other major purpose of the rule was to shift the trial court's post-trial review from before sentencing to after sentencing. "Final report: part I, chapter B, section 2" 532 Pa. CVI. We have found no authority, other than *Wertelet* itself, to support the view that Rule 1410 was in any way designed to do away with the long-standing principle of the common law, and as it is embodied in Pa.R.A.P. 302(a), that an issue has to be first raised in the trial court before it can be raised on appeal. Furthermore, we find nothing in the language of Rule 1410 itself that releases a party from the obligation of initially raising issues in the lower court, before seeking review of those issues in the appellate court.

In addition, the official comment to Rule 1410 also supports the view that in order for an issue to be subject to appellate review, that issue must be raised in the trial court and subject to disposition by that court, regardless of whether the issue is only practically capable of arising post-trial. The comment specifically refers to the issue of ineffectiveness of counsel. While not binding, it states under the heading *"Miscellaneous,"* that:

"When the defendant is represented by new counsel on the post-sentence motion, the defendant *must* raise any claim that prior counsel was ineffective, and the court must consider *and decide the claim."* Rule 1410, comment. (emphasis added)

The *Wertelet* court also reasoned that the raising of ineffectiveness of counsel for the first time on appeal

---

419, 719 A.2d at 308-309 (citing *Commonwealth v. Cortes,* 442 Pa. Super. 258, 261, 659 A.2d 573, 574 (1995)).

should be allowed because the lower court can still hold hearings on the issue "ancillary to that appeal," and then file findings of fact and conclusions of law, only being presented from filing a dispositional order. The court said such a procedure would further the goal of the timely resolution of issues and reduce the possibility of subsequent collateral attacks on convictions. We respectfully suggest that such reasoning could be used to justify an appellate court's consideration of *any* issue not first raised in the trial court. In addition, the procedure suggested in *Wertelet* for considering such an issue is wholly unsatisfactory for several reasons. First, the trial courts of this Commonwealth are more than just record keepers or scriveners for the appellate courts. Rather, the trial courts are the courts of primary original jurisdiction whose job is to *decide* issues and cases, not just to make a record to pass on to an appellate court for its decision. Second, the procedure is contrary to one of the sound underlying policies behind the waiver doctrine—conservation of judicial time and manpower. Courts simply should not have to consider issues that the parties have already waived. Third, the procedure will unduly delay cases as the record will not be able to be transmitted to the appellate court until the "ancillary" record has been completed, which in many cases will itself be lengthy and time consuming. Fourth, what if the appellant then wants to raise "ancillary" hearing counsel's ineffectiveness? Will the trial court need to hold still another ancillary hearing on that issue before the record can go to the appellate court for review? When an appellant is free on bail, when will serial ineffectiveness claims be finally resolved so that the sentence can be carried out? And fifth, we do not believe that the procedure will reduce subsequent collateral attacks at all. Petitioners under the Post Con-

viction Relief Act (PCRA), 42 Pa.C.S. §9541 et seq., will still raise the ineffectiveness issue. The issue will only be once removed, at least, as they will raise some allegation as to the ineffectiveness of ancillary hearing counsel, if he or she failed to prevail on the issue of trial counsel's ineffectiveness.

When the appellate courts refuse to apply the waiver of issues doctrine and proceed to decide issues raised for the first time on appeal, they not only deny the trial courts their proper place in our judicial system, but they deny the trial courts their opportunity to themselves correct any errors that may have occurred, or to explain why alleged errors are not, in fact, errors. By considering issues that should be deemed waived, the appellate courts also encourage further appeals. In fact, our Supreme Court has stated: "We require strict compliance with the procedures designed for issue preservation to save judicial manpower, and to prevent our appellate courts from becoming advocates for parties instead of adjudicators . . . ." *Commonwealth v. Capitolo,* 508 Pa. 372, 382, 498 A.2d 806, 811.

We recognize that there are some very limited issues that have been held to be non-waivable. Such issues can be raised at any time. *Commonwealth v. Lehr,* 400 Pa. Super. 514, 583 A.2d 1234 (1990) (legality of sentence cannot be waived); *Commonwealth v. Thomas,* 305 Pa. Super. 158, 451 A.2d 470 (1982) (subject-matter jurisdiction is not a waivable issue and may be raised at any stage in the proceeding). However, because of the sound reasons for the common-law principle of waiver, it is our belief that these are the only issues that an appellate court should consider when they have not been first raised in the trial court, and then they should only be considered after the record has been sufficiently developed to allow for a fully informed

consideration. By way of *Commonwealth v. Miller, supra,* our Supreme Court has said that ineffectiveness of counsel is a waivable issue. That should especially be the case where, as here, the issue could have been raised in the trial court and was not. It should also be deemed to be waived here, where it is being attempted to be raised by trial counsel for the first time on appeal after a knowing and voluntary guilty plea at which satisfaction with the representation of counsel has been expressed.

"[When] . . . a defendant voluntarily, knowingly and intelligently wishes to acknowledge [the] facts *that in themselves constitute an offense, that acknowledgment is independent of the procedures of proving or refuting them.* How they would be proved, what burdens accompany their proof, what privileges exist to avoid their proof, *what safeguards exist to determine their accuracy* and under what rules they would be determined, by whom and how, *are irrelevant." Commonwealth v. Anthony,* 504 Pa. 551, 559, 475 A.2d 1303, 1308 (1984). (emphasis added)

As we mentioned above, we are also aware of other appellate cases that seem to suggest that the issue of ineffectiveness of counsel can be raised for the first time on appeal. These cases seem to suggest this, even though they do not directly address whether the issue can be raised for the first time on appeal, because where the issue has been so raised the cases *remand* the matter to the trial court for its decision on the issue of ineffectiveness of counsel. See *e.g., Commonwealth v. Green,* 551 Pa. 88, 709 A.2d 382 (1998); *Commonwealth v. Ciptak,* 542 Pa. 112, 665 A.2d 1161 (1995). While this remand procedure is far preferable to the *Wertelet,* "ancillary" hearing process, because a remand recognizes the proper role of the trial court and gives it

the first opportunity to *dispose* of the issue, this procedure also suffers from some of the same shortcomings as the *Wertelet* "ancillary" hearing process. It also does not conserve judicial time and manpower because it ignores the waiver doctrine and requires an issue that would normally be deemed waived to be heard. It also delays cases, rather than expediting them, because the record on remand will have to be developed and a second appeal from the decision of the trial court then processed. In addition, what if the appellant on this second appeal then raises the issue of the ineffectiveness of his remand hearing counsel? Will there be yet another remand to consider that issue? Again, when the appellant is free on bail, when will serial ineffectiveness claims be finally resolved so that the sentence can be carried out? This procedure also does not reduce collateral attacks on convictions, only resulting in the ineffectiveness issue being once removed in PCRA claims, just as in the *Wertelet* "ancillary" hearing process. Furthermore, it is simply beyond the, perhaps, meager abilities of this court to reconcile these "remand" cases that suggest that the ineffectiveness of counsel can be raised for the first time on appeal with *Commonwealth v. Miller, supra,* which suggests that it cannot be, and with the other cases cited above which uphold the principle that issues not raised in the trial court cannot be raised for the first time on appeal. Finally, even if we could reconcile those cases, we cannot reconcile the *Wertelet* "ancillary" hearing process with the "remand" process of the other cases. Thus, we will simply await further guidance from our appellate courts.

As we also mentioned above, we believe that the issue raised on this appeal should not be considered because it is simply improper for an attorney to assert his own ineffectiveness. Clear authority exists for the

proposition that an attorney may not *argue* his own ineffectiveness. *Commonwealth v. Ciptak,* 542 Pa. 112, 113, 665 A.2d 1161, 1162 (1995); *Commonwealth v. McBee,* 513 Pa. 255, 261, 520 A.2d 10, 13 (1986). Because these cases were remanded to the trial court when counsel asserted his own ineffectiveness on appeal, it could be argued that they demonstrate that it is not improper for counsel to raise his own ineffectiveness, even though the cases do not directly address that issue. Nevertheless, we consider the inappropriateness of counsel raising their own ineffectiveness to be implicit in the rule that "ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings *at which the counsel whose effectiveness is being challenged no longer represents the defendant." Commonwealth v. Chmiel,* 536 Pa. 244, 251, 639 A.2d 9, 12 (1994). (citations omitted) (emphasis added) See also, *Commonwealth v. Carter,* 463 Pa. 310, 344 A.2d 846 (1975) (it is demeaning and unrealistic to expect a lawyer to argue his own ineffectiveness); and *Commonwealth v. McKenna,* 498 Pa. 416, 446 A.2d 1274 (1982) (counsel chided by court for effectively testifying at a post-conviction hearing as to his intentional ineffectiveness at trial).

Accordingly, we believe the issue of ineffectiveness of counsel, sought to be raised on this appeal, should be deemed to have been waived for direct appeal purposes, and we respectfully urge our appellate courts to reconsider their holdings that might suggest the contrary in light of the discussion herein, and in light of the sound reasons for the long-standing common-law rule of waiver. We respectfully suggest that they also consider the following:

Claims of ineffective assistance of counsel are the most significant obstacle to the finality of criminal cases

in this Commonwealth today. Applying the long-standing common-law rule of waiver to bar the raising of such claims for the first time on direct appeal would significantly improve that problem and promote finality. Applying the doctrine of waiver to such claims, combined with a rule prohibiting counsel from asserting their own ineffectiveness in any court, and using the PCRA to consider previously unraised claims of ineffectiveness will actually not only expedite criminal cases, but will also ultimately expedite the consideration of the ineffectiveness of counsel issue itself.

We have already described the problems that serial ineffectiveness claims generate. We believe they are actually encouraged by either the "ancillary" or "remand" procedure used in the cases cited above. Those procedures also can delay the consideration of other legitimate issues that have been properly preserved for appeal as they await the "ancillary" or "remand" procedure. Instead of those procedures, we suggest that the doctrine of waiver should apply, that ineffectiveness of counsel should not even be considered on direct appeal if it was not properly raised and preserved in the trial court, that counsel should be barred from asserting their own ineffectiveness, and that claims of ineffective assistance that have not been previously asserted in the trial court should simply await consideration by way of a petition pursuant to the PCRA, which, by rule, must be now filed within one year of final judgment. Pa.R.Crim.P. 1501(1).

We also suggest that it is entirely proper to expect counsel, as officers of the court, to act as gatekeepers on frivolous ineffectiveness of counsel claims. Counsel should not, as the "ancillary" or "remand" process promotes, feel compelled to raise the issue anytime a client wants to assert it, regardless of merit, and thereby also compel themselves to withdraw from the case. Oth-

erwise, criminal defendants can simply raise seriatim claims of ineffectiveness to obtain new counsel each time they are disappointed with a result at any stage of a proceeding. (This is especially troublesome when original defense counsel is court-appointed, or new counsel must be court-appointed, thus necessitating the expenditure of additional public funds.) We believe that the proper procedure for counsel, where their client wishes to assert their ineffectiveness on appeal, is to honestly consider whether that claim has any merit and where they determine that the assertion may not be frivolous, to request of *the trial court* that it allow counsel to withdraw for that reason, and appoint new counsel. New counsel can then, if necessary, ask for an extension of time to file post-sentence motions, or for permission to file supplemental motions, to raise the ineffectiveness issue in the trial court. Where they determine the assertion of ineffectiveness is frivolous, original counsel should continue to represent the defendant, raise all other issues that merit appellate review, and leave the ineffectiveness issue for PCRA review. The issue will not have been waived at that stage, because that would be the first opportunity for the issue to be raised after counsel whose ineffectiveness is being challenged no longer represents the defendant. This procedure will expedite cases because it will allow other issues to proceed through the appellate process without awaiting "ancillary" or "remand" hearings on ineffectiveness, and it will result in the ineffectiveness issue only having to be considered one time at each level of our judicial hierarchy, once in the trial court, either during the original proceeding or by a PCRA proceeding, and once on appeal, either on direct appeal from the trial court's original decision, or on appeal from the trial court's PCRA decision.

For all the reasons stated in this opinion, the order complained of on this appeal should not be disturbed.