**Robert D. WESSELMAN, Plaintiff below, Appellant,**

v.

**The TRAVELERS INDEMNITY COMPANY, a corporation of the State of Connecticut, Defendant below, Appellee.**

Supreme Court of Delaware.

Submitted June 11, 1975.

Decided Sept. 12, 1975.

Jay H. Conner, Conner, Daley & Erisman, Wilmington, for plaintiff below, appellant.

William F. Taylor and Richard A. Zappa, Young, Conaway, Stargatt & Taylor, Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

Plaintiff appeals from an adverse summary judgment in an action on an insurance contract for theft of personal property. The question is whether the limitation period specified in the contract prevails over the Statute of Limitations of the State in which the contract was issued.

This action was commenced more than two years after the loss. The insurance contract contained a 12 month limitations period "after the inception of the loss". The State of Indiana, in which the contract was issued, had a ten year limitations period for all contract actions. The policy here contained the following "conformity" clause:

"The terms of this policy which are in conflict with the statutes of the State

wherein this policy is issued are hereby amended to conform to such statutes."

The Superior Court ruled that there was no "conflict" between the contract limitations period and the Statute of Limitations and that the former controls. We agree.

█ It is generally held that, in the absence of express statutory provision to the contrary, a statute of limitations does not proscribe the imposition of a shorter limitations period by contract. More specifically, a "conformity" clause, such as existed here, serves to waive or amend a policy limitation clause only when there is an express statutory prohibition against a contract limitations period less than that prescribed by statute. See, *e.g., Wulf v. Farm Bureau Insurance Co. of Nebraska,* 190 Neb. 34, 205 N.W.2d 640 (1973).

█ In the absence of an express statutory prohibition, the provision in the instant insurance policy, limiting the time in which suit may be brought thereon to a period less than that set by the Statute of Limitations, is not deemed to be in conflict with the Statute and is controlling. *See Armour & Company v. St. Paul Fire and Marine Insurance Co.,* 7 Cir., 484 F.2d 1062 (1973); *McMahon v. Millers National Insurance Company,* 131 Ill.App.2d 339, 266 N.E.2d 714 (1971).

█ The plaintiff also contends that the conformity clause created an ambiguity that should be resolved against the insurance company. This argument is unmeritorious. *Compare Ottendorfer v. Aetna Insurance Company,* Del.Supr., 231 A.2d 263 (1967). Also, the plaintiff's reliance upon *Eber Bros. Wine & Liquor Corp. v. Firemen's Insurance Company of Newark,* S.D.N.Y., 30 F.Supp. 412 (1939) is misplaced by reason of significant differences in fact and law.

\*       \*       \*       \*       \*       \*

Affirmed.