OPINION OF THE COURT
Memorandum.
The appeal taken by J. Mart, Division of Jeweltown, Inc., should be dismissed, without costs. The order of the Appellate Division is construed as one of modification, and J, Mart is not aggrieved thereby.
The appeal taken by Bargaintown, D.C., Inc., should be affirmed, with costs, for the reasons stated in the opinion of Justice Leonard H. Sandler at the Appellate Division. The court will not read the clause “unless a longer period of time is provided by applicable statute” as manifesting an intent to import the six-year Statute of Limitations applicable to contract actions in general when to do so would necessarily be to ascribe to the parties an intention to include a wholly meaningless reference to a one-year period of limitation. Nor does the dictum with respect to “every casualty insured against” in Proc v Home Ins. Co. (17 NY2d 239, 244) suggest that there should be a reversal in the present case. Proc involved only claims for fire losses under a standard fire insurance policy. Its focus was on the date from which the period of limitation began to run for casualties insured against in such a policy; there was but a single such period and no issue of possible alternative periods of limitation with respect to different risks (the core issue in this case) was there presented or addressed.
Chief Judge Cooke (dissenting in part). The issue is whether this action to recover on an “all risks” property insurance policy is time barred. Because the policy itself, as well as the applicable provisions of the Insurance Law, compels the conclusion that the action was timely commenced, I must disagree with the majority’s affirmance of an order dismissing the complaint.
Plaintiff, Bargaintown, D.C., Inc., purchased an all risk insurance policy from defendants covering property in New York and several other jurisdictions. The policy contains a clause providing that actions for property loss must be commenced “within twelve (12) months next after the happening becomes known to the” insured, “unless a longer *703 period of time is provided by applicable statute”. During the term of the policy, plaintiff allegedly suffered certain burglary and water damage losses. When the defendants refused to bear the losses under the policy, this action was commenced, admittedly more than one year but less than two years after discovery of the damage.
Defendants moved to dismiss the action as untimely under the policy limitation clause. Special Term denied the motion, and the Appellate Division reversed. Plaintiff now appeals to this court. For two distinct reasons, the action is not time barred.
First, the one-year contractual limitation clause is operative “unless a longer period of time is provided by applicable statute.” Read literally, this language would mean that the one-year period gives way when a longer time is provided by the applicable Statute of Limitations. In New York, the Statute of Limitations for contracts is six years— obviously a lengthier period than one year. Under the policy, so read, then, New York’s six-year Statute of Limitations governs this action.
Of course, it may be argued that the clause was intended to impose a one-year limitation period except where a longer period was required by law. But the language selected by the drafter of the policy — the insurer — does not accomplish that result. Had the insurer desired the one-year period to control in all instances except where proscribed by statute, it could have done so in plain, simple terms. Indeed, a slight alteration in the existing clause — changing the word “provided” to “required” — would have been sufficient. As it is, however, the policy negates its own one-year limitation period where, as here, the statutory period is longer.[1]
Second, even if the six-year period did not render the action timely, provisions of the Insurance Law require a two-year Statute of Limitations period. Under that statute, a policy of fire insurance must conform to a standard form (Insurance Law, § 168, subd 2). Among the terms of the *704 standard policy is a clause providing a two-year period of limitations (§ 168, subd 5).
It is true that the policy issued by defendants covers risks in addition to fire. When fire is one of the perils covered, however, the standard form policy is required, unless another form is approved by the Superintendent of Insurance (Insurance Law, § 168, subd 7). And, lest there be any doubt that the limitation period of the standard form is applicable to risks other than fire, this court has pointed out the Legislature’s “unmistakable indication that the period of limitations [in the standard fire policy] encompassed every casualty insured against, including fire” (Proc v Home Ins. Co., 17 NY2d 239, 244 [emphasis added]). Thus, the policy at issue should have contained the two-year limitation clause of the standard form policy. The failure to include the provision, at least without first obtaining the superintendent’s approval of the policy,[2] is a violation of the Insurance Law. But the policy is nonetheless “enforceable as if it conformed with” the requirement of law (Insurance Law, § 143, subd 1).
Finally, defendants’ contention that application of the New York Insurance Law is inappropriate since some of the property is outside this State was not raised at Special Term. Had the question been there raised, it is likely that the record would have been clearer as to location of the property. In any event, the failure to raise the issue prevents this court from considering it on appeal (e.g., De Leon v New York City Tr. Auth., 50 NY2d 176, 179, n 1).
In sum, the terms of the insurance policy at issue render the six-year contract Statute of Limitations applicable. Alternatively, the two-year limitations clause of the standard fire form must be read into the policy. Under either approach, this action was timely commenced.
Accordingly, the order of the Appellate Division should be reversed, and the motion to dismiss denied.
Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum; Chief Judge Cooke dissents in *705 part and votes to reverse on the appeal by Bargaintown, D.C., Inc., in an opinion in which Judge Gabrielli concurs.
On appeal by plaintiff J. Mart, Division of Jeweltown, Inc.: Appeal dismissed, without costs.
On appeal by plaintiff Bargaintown, D. C., Inc.: Order affirmed, with costs.

. If it had been the intention of the parties to override the one-year limitation only where a statute mandates a longer period, the language at issue would be superfluous. For, a statute requiring a longer limitation period would itself obviously nullify the shorter contractual period.

. I do not suggest that the superintendent could approve a form containing less than a two-year limitation period (see Insurance Law, §168, subd 7). That question is not now before the court.