**GRAINGROWERS WAREHOUSE CO., et al., Plaintiffs,**

v.

**CENTRAL NATIONAL INSURANCE CO. OF OMAHA, NEBRASKA, et al., Defendants.**

**No. C–88–347–RJM.**

United States District Court, E.D. Washington.

Jan. 17, 1989.

Jay E. Leipham of Underwood, Campbell, Brock & Cerutti, Spokane, Wash., for plaintiffs.

William P. Hight of Hight & Green, Seattle, Wash., for defendants.

## ORDER

ROBERT J. McNICHOLS, Chief Judge.

Defendants have moved this Court for an order granting summary judgment in their favor on the ground that the contractual limitation provisions in the insurance policies bar suit. Plaintiffs have also moved for summary judgment on the grounds that the action was commenced within the limitations period provided by Washington's general statute of limitations on contracts. For the reasons discussed below, the Court grants defendants' motion and concludes that plaintiffs' action is barred by the contractual limitations period.

FACTS and PROCEEDINGS

Plaintiffs, Graingrowers Warehouse ("Graingrowers") and Odessa Union Warehouse ("Odessa"), are cooperatives engaged in the business of buying, storing, and selling grain. In 1983, plaintiffs had a manufacturer build temporary, outdoor grain storage facilities to protect temporarily stored grain. In the Summer and Fall of 1984, plaintiffs discovered that the storage facilities were defective and that

water had leaked through the protective coverings and caused damage to the grain. On February 11, 1985, plaintiffs, through their present attorney, sued the manufacturer and installer of the temporary storage facilities for the damage to the grain stored. Plaintiffs eventually settled that action on June 9, 1987.

During the time in question, defendants insured plaintiffs against property damage. Defendant Aetna Insurance Co., presently doing business as CIGNA Property and Casualty Insurance Co. ("Cigna"), insured both plaintiffs. Defendant Central National Insurance Co. of Omaha, Nebraska ("CNI") coinsured Odessa, and Lexington Insurance Co. ("Lexington") was an additional insurer for Graingrowers.

Around November 1986, plaintiffs informed their insurance carriers of the property loss, but did not submit a formal proof of loss. The insurance carriers denied coverage, claiming the policies contained a one-year limitations period that barred plaintiffs' coverage. Then, after plaintiffs commenced suit against the defendant insurance carriers in state court for breach of contract, defendants removed the action to this Court on July 11, 1988.

The CIGNA and CNI policies contained the following contractual limitations period provision:

"PART D: GENERAL PROVISIONS IN THE EVENT OF LOSS

.   .   .   .   .

5. SUIT AGAINST THE COMPANY: No suit on this Policy shall be valid unless the Insured has complied with all Policy requirements and the suit is commenced within one (1) year (unless a longer period is provided by applicable statute):

   a. Following the date of loss; or

   b. After the Insured's legal liability for property of others in its actual custody is determined by final judgment after trial or by written agreement signed by the Insured, the Company and the Claimant. . . ."

The Lexington policy contained the following provisions in its Special Floater Policy:

"ADDITIONAL CONDITIONS

.   .   .   .   .

17. Suit Against Company: No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Assure of the occurrence which gives rise to the claim. Provided, however, that if by the laws of the State within which the policy is issued such limitation is invalid, then any such claim shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State to be fixed herein."

"Difference in Conditions Form

.   .   .   .   .

22. SUIT AGAINST THE COMPANY: No suit or action on this policy for the recovery of any claim shall be sustained in any court of law or equity unless the Insured shall have fully complied with all the requirements of this policy, nor unless commenced within twelve (12) months next after the happening becomes known to the Insured unless a longer period of time is provided by applicable statute."

Defendants have moved this court for an order granting summary judgment in their favor on the ground that the one-year limitation provisions in the insurance policies bar suit. Plaintiffs have also moved for summary judgment. Plaintiffs argue that the language "unless a longer period of time is provided by applicable statute" creates an ambiguity, and that Washington's six-year statute of limitations on general written contracts, RCW 4.16.040, is a reasonable interpretation of the phrase "applicable statute." Therefore, plaintiffs contend that their action was commenced in a timely manner since it was filed within six years after the date of loss.

Plaintiffs also argue that in the CIGNA and CNI policies the limitation period can

commence either (1) from the date of loss or (2), as provided in the "property of other" provision, after a final judgment after trial or a written agreement signed by the Insured, Company, and the Claimant. Since there has been no final judgment after trial nor any written agreement between the stated parties, plaintiffs maintain that the one-year time limitation has not yet commenced to run, and their suit was thus commenced timely.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). Facts and inferences from these facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

After the moving party has met its burden by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Summary judgment is inappropriate, however, where to grant it would "resolve existing factual issues through a 'trial by affidavits.'" *Proctor v. Consol. Freightways Corp. of Delaware*, 795 F.2d 1472, 1477 (9th Cir.1986). The Court now turns to determine whether either party has satisfied the required burden.

## DISCUSSION

Plaintiffs here concede that defendants by contract limitation can properly require under Washington law [1] that actions on the insurance policies be brought within one year. *See Hefner v. Great American Ins. Co.*, 126 Wash. 390, 218 P. 206 (1923); *Ashburn v. Safeco Ins. Co. of America*, 42 Wash.App. 692, 695, 713 P.2d 742, *rev. denied*, 105 Wash.2d 1016 (1986); RCW 48.-18.200. However, plaintiffs maintain that an ambiguity exists because the language "unless a longer period of time is provided by applicable statute" is susceptible to differing interpretations as to what is an "applicable statute." Plaintiffs thus argue that, since Washington's six-year statute of limitations on general written contracts, RCW 4.16.040, is an "applicable statute" and since they filed their action within six years after the date of loss, their suit against defendants is timely.

In support of their argument, plaintiffs cite to two decisions from other jurisdictions which construed language in the policy requiring suit within one year "unless a longer period of time is provided by applicable statute": *Queen Tufting Co. v. Fireman's Fund Ins. Co.*, 239 Ga. 843, 239 S.E.2d 27 (1977); *General Instrument Corp. v. American Home Assurance Co.*, 397 F.Supp. 1074 (E.D.Pa.1975).

The Georgia Court of Appeals in *Queen Tufting v. Fireman's Fund Ins. Co.*, 141 Ga.App 792, 234 S.E.2d 354, 355 (1977), had decided that the language in question was not ambiguous since there was no specific statute of limitations and since contractual limitation provisions supersede any other general statutory limitations. However, the Georgia Supreme Court reversed and held summarily and without explanation that Georgia's six-year limitation on contract actions governed. Faced with the same language, and after noting that Pennsylvania had no specific statute directed at limitation clauses, the district court in *General Instrument* held that Pennsylvania's general six-year statute of limitations for

---

**1.** The parties have cited to Washington law in support of their contentions. The Court agrees that Washington law governs. *Employers Mutu-* *al Liability Ins. Co. of Wis. v. Pacific Inland Navigation Co., Inc.*, 358 F.2d 718, 719 (9th Cir. 1966).

contract actions was applicable since the insurance contract did not state the limitation provision could be superseded only by a specific statutory limitation.

Defendants cite to *Bargaintown, D.C., Inc. v. Bellefonte Ins. Co.*, 54 N.Y.2d 700, 442 N.Y.S.2d 975, 426 N.E.2d 469 (1981), in support of their argument that the disputed provision is clear and unambiguous. In *Bargaintown*, the New York Court of Appeals held as follows:

"The court will not read the clause 'unless a longer period of time is provided by applicable statute' as manifesting an intent to import the six-year Statute of Limitations applicable to contract actions in general when to do so would necessarily be to ascribe to the parties an intention to include a wholly meaningless reference to a one-year period of limitation."

*Id.* 442 N.Y.S.2d at 976, 426 N.E.2d at 470. In construing a similar provision, the Wisconsin Court of Appeals in *Villa Clement, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 120 Wis.2d 140, 353 N.W. 2d 369, 370 (1984), held that, despite the insured's contention that Wisconsin's six-year general contract period of limitations applied, it was "unpersuaded that there is any applicable statute providing a longer period of limitation than that prescribed in the policy itself."

The parties argue, and the Court agrees, that resolution of the present conflict hinges upon whether the disputed provision is clear or ambiguous. Thus, the Court now turns to Washington law regarding the construction and operation of insurance contracts.

■ An insurance policy is to be construed in accordance with the general rules applicable to other contracts. *State Farm General Ins. Co. v. Emerson*, 102 Wash.2d 477, 480, 687 P.2d 1139 (1984). In construing the language of an insurance contract, the court must examine the contract as a whole, and not merely isolated segments. *E–Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wash.2d 901, 907, 726 P.2d 439 (1986). The policy should be given a fair, reasonable, and sensible construction consonant with the apparent object and intent of the parties, i.e., a construction such as would be given to the contract by an average person purchasing insurance. *Id.* at 907, 726 P.2d 439; *Riley v. Viking Ins. Co.*, 46 Wash.App. 828, 829, 733 P.2d 556, *rev. denied*, 108 Wash.2d 1015 (1987). The contract should be given a practical and reasonable rather than a literal interpretation; it should not be given a strained or forced construction which would lead to an extension or restriction of the policy beyond what is fairly within its terms, or which would lead to an absurd conclusion, or render the policy nonsensical or ineffective. *E–Z Loader*, 106 Wash.2d at 907, 726 P.2d 439 (citation omitted).

■ A clause in a policy is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable. *Greer v. Northwestern National Ins. Co.*, 109 Wash.2d 191, 198, 743 P.2d 1244 (1987). A difference of opinion among courts of different jurisdictions with respect to the construction of a term in an insurance policy does not, by itself, render the term ambiguous. *Crunk v. State Farm Fire and Casualty Co.*, 106 Wash.2d 23, 29–30, 719 P.2d 1338 (1986) (Goodloe, J., concurring). Ambiguous exclusionary or limitations clauses in insurance policies are generally construed strictly against the insurer. *Safeco Ins. Co. of America v. Davis*, 44 Wash.App. 161, 164, 721 P.2d 550 (1986). However, a court should not utilize this general rule to rewrite the contract or to modify a clear and unambiguous provision so as to override the apparent intentions of the parties where the language is clear and unambiguous. *See Britton v. Safeco Ins. Co. of America*, 104 Wash.2d 518, 528, 707 P.2d 125 (1985).

■ Despite the conflict between jurisdictions, and after a review of the apparent intention of the parties, the Court finds that the disputed provision is not ambiguous, and that defendants' construction of the provision is fair, reasonable, and sensible. Limitation of action provisions in a contract prevail over general statutes of limitations, *Ashburn*, 42 Wash.App. at 696, 713 P.2d 742, "[a]nd the fact that the policy

provides that any conflicting statutory provisions shall prevail does not substitute the statutory limitation in the place and stead of the contractual limitation." 20A J. Appleman, *Insurance Law and Practice*, § 11601 p. 432–33 (1980). In *Wesselman v. Travelers Indemnity Co.*, 345 A.2d 423 (Del.Sup.Ct.1975), the insured claimed that a twelve-month limitations period was ambiguous and thus that Indiana's ten-year limitations period for all contract actions governed because the policy contained the following "conformity" clause:

> "The terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes."

*Id.* at 423–24. The *Wesselman* court found the insured's argument "unmeritorious" because of the general rule that "a 'conformity' clause ... serves to waive or amend a policy limitation clause only when there is an *express statutory prohibition* against a contract limitations period less than that prescribed by statute." *Id.* at 424 (emphasis added).

The disputed language here is nothing more than a conformity clause. The Court believes that upon reading the insurance contracts as a whole, an average person purchasing insurance would conclude that the one-year limitation provisions in the policies control unless a particular Washington statute invalidated such a provision and required a longer limitations period. Unfortunately for plaintiffs, Washington has no such statute. To conclude that Washington's general statute of limitations on contracts applies would render meaningless the reference to the one-year period of limitation, which is specifically authorized in Washington, and would give a strained or forced construction which would lead to an extension of the policy beyond what is fairly within its terms. Indeed, such a conclusion would void the con-

tractual provision in every state which has a general statute of limitations.

## CONCLUSION

The Court concludes that the language "unless a longer period of time is provided by applicable statute" is not ambiguous and was clearly intended to serve as a conformity clause that would waive or amend the one-year policy limitation provisions only when there was an express statute prohibiting the one-year contractual limitations. Therefore, defendants' motion for summary judgment is hereby GRANTED.[2] The action is dismissed and the clerk shall enter judgment accordingly.

IT IS SO ORDERED.

---

2. The Court also rejects plaintiffs' second argument that the one-year limitation has not yet commenced to run because there has been neither a final judgment after trial nor a written agreement. Plaintiffs' argument would lead to the nonsensical conclusion that the contractual limitation is forever tolled until there was a

final judgment or a written agreement. The Court agrees with defendants' sensible construction that, since the "property of others" commencing clause is inapplicable here, the date-of-loss clause is the commencing point for the limitations period.