No. 2--05--0590

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| MARJORIE ATWOOD, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 04--MR--1014 |
| | ) | |
| ST. PAUL FIRE AND MARINE | ) | |
| INSURANCE COMPANY, | ) | Honorable |
| | ) | Margaret J. Mullen, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE O'MALLEY delivered the opinion of the court:

Nearly two years after she was denied insurance coverage for the loss of her pleasure boat, plaintiff, Marjorie Atwood, sued defendant, St. Paul Fire & Marine Insurance Company, for breach of the parties' insurance contract (Policy). Defendant moved for summary judgment, arguing that, based on a one-year limitations period in the Policy, plaintiff's suit was untimely. The trial court agreed and granted defendant's motion. Plaintiff appeals, and we affirm.

## I. BACKGROUND

The relevant facts are undisputed. The Policy provided coverage in the event of certain losses associated with plaintiff's 28-foot pleasure boat.[1] For example, the Policy covered salvage

---

[1]To be precise, plaintiff's husband was the Policy's named insured. This distinction is

and towing costs.  Also, the Policy covered many items of personal property on the boat.  However, the Policy did not cover loss due to the boat's deterioration.

The Policy outlined steps for plaintiff to follow in the event of a loss.  In particular, the Policy detailed how plaintiff should go about obtaining coverage.  Additionally, the Policy spelled out what plaintiff needed to do if coverage was denied and if she believed that the denial was improper.  Specifically, plaintiff could sue defendant to recover for the damage, but she needed to do so within one year of the date on which the damage occurred, unless state law provided her more time (Policy Limitations Period).  This requirement appeared in the Policy under a bold heading:

"**Lawsuits to recover under physical damage coverage**.  Any lawsuit to recover on a physical damage claim must begin within one year after the date on which the direct physical loss or damage occurred.  If a state law provides you more time, we'll conform to that law."

On September 6, 2002, plaintiff's pleasure boat sank.  Several days later, on September 9, the loss was reported to defendant, and a coverage investigation began.  The investigation determined that the sinking was due to the boat's deterioration, which had allowed water to enter the boat's hull. Based on this conclusion, and based on the Policy's exclusion of loss resulting from deterioration, coverage was denied.  Plaintiff was notified of this result in a letter to her attorney, dated November 20, 2002.

---

irrelevant for present purposes.

On September 7, 2004, almost two full years after being notified of the denial of coverage, plaintiff sued defendant for breach of contract. In her complaint, plaintiff did not respond to the conclusion that deterioration had caused her boat to sink; she simply stated that the loss was covered and that defendant had therefore wrongfully denied coverage. In response, defendant filed a motion for summary judgment, arguing that plaintiff's claim was untimely under the Policy Limitations Period. The trial court granted that motion. Plaintiff appeals.

## II. ANALYSIS

We begin with the standard of review. The use of the summary judgment procedure is to be encouraged as an aid in the expeditious disposition of a lawsuit. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 2004 . However, summary judgment is a drastic means of disposing of litigation and, therefore, should be allowed only when the right of the moving party is clear and free from doubt. *Adams*, 211 Ill. 2d at 43. Summary judgment is appropriate when the pleadings, depositions, admissions, and affidavits on file establish that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See *Chatham Foot Specialists, P.C. v. Health Care Service Corp.*, 216 Ill. 2d 366, 376 2005 . We review *de novo* the trial court s decision on a motion for summary judgment. *Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 128 2005 .

Here, plaintiff argues that the trial court erred in finding that, based on the Policy Limitations Period, plaintiff s suit was untimely. To evaluate plaintiff s argument, we must construe the Policy Limitations Period. An insurance policy is a contract, and, accordingly, its interpretation is governed by the familiar rules that govern the construction of contracts in general. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 2005 . Pursuant to these rules, our primary goal is to ascertain and give effect to the intention of the parties, as expressed in the policy language. *American States Insurance Co. v. Koloms*, 177 Ill. 2d

473, 479 1997 . If the policy language is unambiguous, we must apply it as written, unless it contravenes public policy. Central Illinois Light Co. v. Home Insurance Co., 213 Ill. 2d 141, 176 2004 . Policy language is ambiguous only if it is susceptible to more than one reasonable interpretation. Gillen v. State Farm Mutual Automobile Insurance Co., 215 Ill. 2d 381, 393 2005 . That is to say, policy language is not ambiguous simply because the parties disagree on its meaning. Central Illinois Light, 213 Ill. 2d at 153. Rather, we may consider only reasonable interpretations. Hobbs, 214 Ill. 2d at 17.

The Policy Limitations Period limits the time within which a lawsuit may be brought. In particular, it states that "[a]ny lawsuit to recover on a physical damage claim must begin within one year after the date on which the direct physical loss or damage occurred. If a state law provides you more time, we'll conform to that law."

At the outset, we note that there is no suggestion that the Policy Limitations Period contravenes public policy. Nor could there be. See Village of Lake in the Hills v. Illinois Emcasco Insurance Co., 153 Ill. App. 3d 815, 817 (1987) (stating that parties to an insurance contract may validly agree to set a reasonable time limit within which a suit on the contract must be filed"); see also McMahon v. Millers National Insurance Co., 131 Ill. App. 2d 339, 340 (1971) (upholding a one-year time limit on filing suit . Instead, the parties disagree as to the meaning of the Policy Limitations Period. According to plaintiff, the words "[i]f a state law provides you more time, we'll conform to that law" refer to the statute of limitations applicable to contract actions in general, which is 10 years (735 ILCS 5/13--206 (West 2002)).

Under plaintiff s interpretation, the Policy Limitations Period is a nullity in every state where a general statute of limitations on contract actions gives a party more than one year to file suit. This appears to be every state. See, e.g., Conn. Gen. Stat. Ann. §52--576 (West 2002) (six years in Connecticut); Minn.

Stat. Ann. §541.05 West 2002 six years in Minnesota N.C. Gen. Stat. Ann. §1--52 West 2002 three years in North Carolina N.D. Cent. Code §28--01--16 West 2002 six years in North Dakota Vernon s Tex. Civ. Prac. Rem. Code Ann. ¢16.004 Vernon 2002 four years in Texas . Accordingly, if plaintiff s interpretation is correct, then the Policy s reference to state law renders wholly meaningless the one-year limitation on filing suit.

There are three serious problems with this interpretation. First, it offends a well-settled principle of contract construction a contract must not be interpreted in a manner that nullifies provisions of that contract. See, e.g., Smith v. Burkitt, 342 Ill. App. 3d 365, 370 2003 stating that a court is not to interpret an agreement in a way that would nullify any of the provisions in the agreement or render them meaningless First Bank Trust Co. of Illinois v. Village of Orland Hills, 338 Ill. App. 3d 35, 40 2003 stating that a court will not interpret an agreement in a way that would nullify its provisions or render them meaningless Coles-Moultrie Electric Cooperative v. City of Sullivan, 304 Ill. App. 3d 153, 159 1999 stating that i n interpreting a contract, meaning and effect must be given to every part of the contract including all its terms and provisions, so no part is rendered meaningless or surplusage . Thus, plaintiff s interpretation of the Policy cannot be squared with a fundamental tenet of contract construction.

Second, plaintiff s interpretation suggests a post hoc reading of the Policy that cannot reasonably be said to be consistent with the intent of the parties at the time they entered into the contract. For its part, defendant certainly did not intend the Policy s one-year time limit to be meaningless in every state, and plaintiff could not have reasonably read the Policy as suggesting such an intent on defendant s part. Therefore, plaintiff s interpretation of the policy is unreasonable. See Schwinder v. Austin Bank of Chicago, 348 Ill. App. 3d 461, 474 2004 noting that, in interpreting a contract, g reat weight is to be given to the principal, apparent purpose and intention of the parties at the time that they entered into the contract .

Third, plaintiff's interpretation is undermined by the weight of authority. For example, in *Wabash Power Equipment Co. v. International Insurance Co.*, 184 Ill. App. 3d 838 (1989), the court rejected a claim that a limitations provision similar to the one at issue here referred to the statute of limitations on contract actions in general. There, the limitations provision required an insured to file suit within one year, "unless a longer period was provided by applicable statute." (Emphasis omitted.) *Wabash Power*, 184 Ill. App. 3d at 840. In rejecting the contention that this language referred to the statute of limitations on contract actions in general, the court reasoned that, if it adopted that interpretation, the one-year limitations provision would be meaningless. The court declined to read the policy in such a manner. *Wabash Power*, 184 Ill. App. 3d at 844.

Likewise, in the present case, accepting plaintiff's interpretation of the Policy Limitations Period renders the one- year limitation meaningless. We decline to give the Policy Limitations Period such a construction.

Plaintiff attempts to distinguish *Wabash* by arguing that there, unlike in the present case, the provision at issue dealt with fire insurance, the limitations period for which is set by the state Director of Insurance and may not be contractually altered. See *Wabash*, 184 Ill. App. 3d at 841. In fact, although the policy in *Wabash* did contain a fire provision, the case did not involve a loss due to fire. On the contrary, the case involved a loss due to theft, and the court, in reaching its conclusion, focused on a theft provision in the policy. *Wabash*, 184 Ill. App. 3d at 840. Thus, plaintiff's reading of *Wabash* is factually inaccurate, and her attempt to distinguish *Wabash* on this ground is without merit.

Courts in other jurisdictions have reached the same result as the *Wabash* court. For example, in *Bargaintown, D.C., Inc. v. Bellefonte Insurance Co.*, 54 N.Y.2d 700, 702, 426 N.E.2d 469, 470, 442 N.Y.S.2d 975, 976 (1981), the Court of Appeals of New York refused

to read the phrase "unless a longer period of time is provided by applicable statute" as referring to that state's statute of limitations on contract actions in general, which was six years. Like the *Wabash* court, the *Bargaintown* court reasoned that to do so would render meaningless a one-year limitation contained in the parties' insurance policy. And, like the *Wabash* court, the *Bargaintown* court refused to read the policy in such a way. *Bargaintown*, 54 N.Y.2d at 702, 426 N.E.2d at 470, 442 N.Y.S.2d at 976. Similarly, in *Graingrowers Warehouse Co. v. Central National Insurance Co. of Omaha, Nebraska*, 711 F. Supp. 1040, 1045 (E.D. Wash. 1989), the court rejected the argument that the phrase "unless a longer period of time is provided by applicable statute" referred to the general contract statute of limitations. The court reasoned that to accept that argument would render the one-year limitations period meaningless. Additionally, the court reasoned that no reasonable consumer could interpret that phrase as referencing the general statute "instead, upon reading the insurance contract" as a whole, an average person purchasing insurance would conclude that the one-year limitation provisions in the policies control unless a particular state statute invalidated such a provision and required a longer limitations period. *Graingrowers Warehouse*, 711 F. Supp. at 1045. In addition to *Bargaintown* and *Graingrowers Warehouse*, other cases have similarly rejected arguments like the one plaintiff puts forth here. See *United Technologies Automotive Systems, Inc. v. Affiliated FM Insurance Co.*, 725 N.E.2d 871, 874 n.5 (Ind. App. 2000) (provision in insurance policy providing one year to file suit unless state law provided more time did not refer to statute of limitations on contract actions in general); *Salcedo v. John Hancock Mutual Life Insurance Co.*, 38 F. Supp. 2d 37, 41-42 (D. Mass. 1998) (provision in insurance policy providing that suits must be commenced within three years unless state law required more time did not refer to statute of limitations on contract actions in general); *Villa Clement, Inc. v. National Union Fire Insurance Co. of Pittsburgh*, 120 Wis. 2d 140, 143, 353 N.W.2d 369, 370 (App. 1984) (provision in insurance policy providing one year to file suit unless state law provided more time did not refer to statute of limitations on

contract actions in general. *Green v. John Hancock Mutual Life Insurance Co.*, 601 S.W. 2d 612, 613-14 (Ky. App. 1980) (provision in insurance policy providing that actions must be commenced within three years unless state law required more time did not refer to statute of limitations on contract actions in general).

For her part, plaintiff cites no case in which a court reached a different result. And our research has uncovered only two cases in which courts accepted arguments similar to the one that plaintiff advances. But neither of these cases alters the conclusion that the Policy Limitations Period does not refer to the statute of limitations on contract actions in general. In one of these cases, which was decided almost 30 years ago, the Georgia Supreme Court found that the phrase "unless a longer period of time is provided by applicable statute" referred to the statute of limitations on contract actions in general. *Queen Tufting Co. v. Fireman's Fund Insurance Co.*, 239 Ga. 843, 844, 239 S.E.2d 27, 28 (1977). However, the court provided absolutely no reasoning in support of its conclusion--indeed, the whole of its discussion is barely more than a single paragraph. *Queen Tufting Co.*, 239 Ga. at 844, 239 S.E.2d at 28 (stating only that "a majority of the Court of Appeals held that Code § 3--705, which provides for a six-year limitation on contract actions, was inapplicable. Three Judges dissented. In our opinion, Code § 3--705 is the applicable statute"). Thus, because the court provided no rationale for its decision, its conclusion cannot support plaintiff's position here. In the other case where the court accepted an argument like plaintiff's argument here (a case decided more than 30 years ago), the policy limited the time for filing suit to one year, "unless a longer period of time is provided by applicable statute." *General Instrument Corp. v. American Home Assurance Co.*, 397 F. Supp. 1074, 1076 (E.D. Pa. 1975). The court concluded that the conditional language referred to the statute of limitations on contract actions in general. In doing so, the court relied heavily on the fact that the conditional language was much broader than that contained in an earlier version of the insurance policy, which the insurer had chosen to change. *General Instrument*, 397 F. Supp. at 1076.

By contrast, in the present case, there is no suggestion that the Policy Limitations Period has been expanded from an earlier, narrower form. Rather, the language apparently has not changed since plaintiff bought her policy. Thus, General Instrument does not support plaintiff's argument.

As the above authorities illustrate, plaintiff's interpretation of the Policy Limitations Period is not reasonable. However, another interpretation is reasonable—the Policy Limitations Period provides one year to file suit, unless a specific state law directed at insurance provides more. See Graingrowers Warehouse, 711 F. Supp. at 1045. Because the Policy Limitations Provision is not susceptible to more than one reasonable interpretation, it is not ambiguous. Gillen, 215 Ill. 2d at 393. Accordingly, we must apply it as written Central Illinois Light, 213 Ill. 2d at 176-77 --that is, as limiting suit to one year unless more time is required by a specific state law directed at insurance.

It turns out that Illinois law does require more time than the Policy Limitations Period. In particular, section 143.1 of the Illinois Insurance Code Code 215 ILCS 5 143.1 West 2002 requires that, when an insurance policy limits the time within which suit may be filed, the running of that time is tolled between the time the insured files proof of loss with its insurer and the time the insurer denies the claim.[2] Here, the Policy Limitations Period requires that an insured file suit within one year of the date of loss. By application of section 143.1, however, that time is extended. Specifically, the time is extended by excluding

---

[2]Plaintiff argues that section 143.1 does not apply to "marine" insurance, and, therefore, that it does not apply here. However, section 143.1 excludes "ocean" marine insurance, and plaintiff's policy was for "inland" marine insurance. Thus, plaintiff's argument is unpersuasive. Morever, her argument is counterproductive. It is to plaintiff's advantage to have section 143.1 apply, because, as discussed, that section extends the time for filing suit. The problem for plaintiff is that, in her case, it does not extend it enough.

from the one-year calculation the time after which proof of loss is filed and before which the claim is denied. But in the present case, plaintiff's suit is untimely even after section 143.1 is applied. Thus, this extension does not make plaintiff's suit timely.

To summarize, plaintiff's interpretation of the Policy Limitations Period is inconsistent with basic principles of contract construction. Moreover, plaintiff's interpretation does not reflect the intent or reasonable expectations of the parties at the time they entered into the contract. Finally, numerous cases, including a decision from our own appellate court, support the conclusion that the Policy Limitations Period does not refer to the statute of limitations on contract actions in general. In short, plaintiff's interpretation of the Policy Limitations Period is unreasonable. A reasonable interpretation, by contrast, views the Policy Limitations Period as referring to a specific statute directed at insurance, such as section 143.1 of the Code. Put another way, plaintiff's suit was not timely under a reasonable interpretation of the Policy Limitations Period. Therefore, the trial court properly granted summary judgment.

## III. CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Lake County.

Affirmed.

BYRNE and KAPALA, JJ., concur.