**GRANT FAMILY FARMS, INC.,**
Plaintiff–Appellant,

v.

**COLORADO FARM BUREAU MUTUAL
INSURANCE COMPANY,**
Defendant–Appellee.

No. 05CA1455.

Colorado Court of Appeals,
Div. VI.

Nov. 2, 2006.

Certiorari Denied April 9, 2007.

Ray, Jouard & Pickering, P.C., Stephen J. Jouard, Fort Collins, Colorado, for Plaintiff–Appellant.

Nathan, Bremer, Dumm & Myers, P.C., Mark H. Dumm, Willow I. Arnold, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge STERNBERG.*

In this insurance coverage dispute, plaintiff, Grant Family Farms, Inc. (Grant), appeals the trial court's summary judgment in favor of defendant, Colorado Farm Bureau Mutual Insurance Company (the insurer). We affirm.

Grant operates an organic farm in Larimer County. The insurer issued an insurance policy to Grant in June 1998. The policy provided coverage for, among other things, damages to harvested crops. Grant asserted that during the time the policy was in effect, it sustained losses to a spinach crop while the spinach was in transit to a distributor.

Grant discovered the loss in April 2000 and notified the insurer of its claim. On September 24, 2001, Grant made a formal claim, through counsel, for damages to the spinach

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

crop. The insurer denied this claim, no later than December 2001, on the basis that the policy did not provide coverage for the peril that caused the loss.

On April 25, 2003, Grant filed this lawsuit, pursuant to § 13–51–101, et seq., C.R.S.2006, seeking a declaration of rights under the insurance policy. The parties eventually submitted the claim for resolution by the trial court on stipulated facts. After reviewing the stipulation and the associated exhibits, the trial court entered summary judgment in favor of the insurer and dismissed the complaint with prejudice.

The pertinent provisions of the insurance policy are these:

*Suits Against Us.* No lawsuit or action can be brought against us unless all the policy provisions have been complied with and the action is started within two (2) years after the date of loss.

*Conformity with Statute.* Terms of this policy, *in conflict* with the statutes of the state where the property or insured activity described on the Declaration Page(s) is located are amended to conform to such statutes.

(Emphasis added.)

In its order, the trial court held that the insurer was entitled to judgment as a matter of law because Grant's claims were time barred by the contractual limitations period contained in the insurance policy. Because the trial court concluded that the two-year contractual limitations period was enforceable, it did not reach the issue whether the loss would have been covered under the policy.

■ Grant's principal contention on appeal is that the trial court erred when it ruled that Grant's claims against the insurer were barred by the two-year contractual limitations period. Grant argues that the contractual limitations period is "in conflict" with the three-year statutory limitations period for breach of contract actions found in § 13–80–101(1)(a), C.R.S.2006. Grant reasons that, because of this conflict, the conformity clause requires that the insurance policy be amended to conform to this statute. Accordingly, Grant asserts that it had three years within

which to file suit against the insurer. We disagree.

■ The interpretation of an insurance policy presents a question of law that we review de novo. *Allstate Ins. Co. v. Huizar,* 52 P.3d 816, 819 (Colo.2002); *Farmers Alliance Mut. Ins. Co. v. Ho,* 68 P.3d 546, 548 (Colo.App.2002). The words of the insurance policy "should be given their plain meaning according to common usage, and strained constructions should be avoided." *Allstate Ins. Co. v. Huizar, supra,* 52 P.3d at 819.

■ Also, a grant of summary judgment is reviewed de novo and is proper only upon a showing that there are no issues of material fact and that the moving party is entitled to judgment as a matter of law. *See* C.R.C.P. 56(c); *McCormick v. Union Pac. Res. Co.,* 14 P.3d 346 (Colo.2000).

This case turns on the meaning of the term "in conflict" as used in the conformity clause. The dictionary definition of the word "conflict" includes "clash ... of opposing or incompatible forces or qualities." *Webster's Third New International Dictionary* 476 (1986). A statute and policy provision are not "in conflict" merely because they are different from one another. *See Thomas v. Allstate Ins. Co.,* 974 F.2d 706, 709 (6th Cir.1992) (holding similar provision was "different from" but not "in conflict" with applicable statute of limitations).

Although Colorado courts have not previously addressed the precise issue before us, courts in other jurisdictions have done so and have concluded that contractual and statutory limitations provisions are in conflict only if contractual shortening is prohibited by statute. *Gravely v. S. Trust Ins. Co.,* 151 Ga. App. 93, 258 S.E.2d 753, 754 (1979); *Atwood v. St. Paul Fire & Marine Ins. Co.,* 363 Ill.App.3d 861, 300 Ill.Dec. 647, 845 N.E.2d 68 (2006); *Meridian Mut. Ins. Co. v. Caveletto,* 553 N.E.2d 1269, 1270 (Ind.Ct.App.1990); *Webb v. Kentucky Farm Bureau Ins. Co.,* 577 S.W.2d 17, 18 (Ky.Ct.App.1978). We find these cases persuasive. If contractual shortening of the statute of limitations is prohibited, the contractual and statutory limitations periods are incompatible and are therefore in conflict. That is not the case here.

The statute of limitations applicable to this claim, § 13–80–101(1)(a), provides that all contract suits "shall be commenced within three years after the cause of action accrues, and not thereafter." This statute provides a period of limitation different from the two-year limitation period found in Grant's insurance policy. However, parties to a contract may require that actions founded on the contract be commenced within a shorter period of time than that prescribed by the applicable statute of limitations. *Hepp v. United Airlines, Inc.,* 36 Colo.App. 350, 353, 540 P.2d 1141, 1143 (1975). Section 13–80–101(1)(a) contains no language prohibiting contractually shortening the three-year limitations period. Therefore, we agree with the trial court that the contractual limitations period is not "in conflict" with § 13–80–101(1)(a).

Accordingly, we conclude that Grant had to bring its suit within two years of the date of loss. Because the suit was not brought until April 25, 2003, well beyond the two-year contractual limitations period, the trial court correctly held that Grant's claim against the insurer was time barred.

Furthermore, although we agree with Grant that any ambiguity in an insurance policy must be interpreted against the insurer, the phrase "in conflict" as used here is unambiguous. Therefore, the two-year limitations period contained in the policy must be enforced. *See Bolejack v. Travelers Ins. Co.,* 64 P.3d 939, 940 (Colo.App.2003) ("An unambiguous limitation or exclusion in a policy must be enforced.").

Grant also contends that the trial court erred in determining that the cause of action accrued on the "date of loss." In support of its contention, Grant asserts that the accrual provisions in the policy conflicted with the accrual provisions in § 13–80–108(6), C.R.S. 2006. Assuming the "date of loss" language defining the accrual point is open to interpretation, we agree with the trial court that, even if the action did not accrue until August 28, 2000, as Grant argues, its suit filed on April 25, 2003 was still time barred by the two-year contractual limitations period, and thus there is no need to determine the precise meaning of that term in the policy.

The judgment is affirmed.

Judge WEBB and Judge J. JONES concur.